UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSVALDO ARIAS,<br><br>      Plaintiff / Counter Defendant,<br>v.<br><br>FIASCO ENTERPRISES, INC.,<br><br>      Defendant / Counter Claimant. | Case No. 2:16-cv-01033-RFB-PAL<br><br>**ORDER**<br><br>(Mot. File Under Seal – ECF No. 13) |

This matter is before the court on the Motion to File Under Seal (ECF No. 13) filed by Defendant / Counter Claimant Fiasco Enterprises, Inc. ("Fiasco"). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The Motion asks the court to seal the Declaration of Kim Sheridan-Rohasek, which contains various documents including a Clark County Police Report displaying confidential information such as driver's license information and social security numbers. The Declaration is attached as Exhibit 2 to Fiasco's Motion for (1) Summary Judgment on Plaintiff's Complaint; and (2) Partial Summary Judgment on its Counterclaim for Declaratory Relief (ECF Nos. 14, 15).[1] Despite asking for an order sealing the Declaration, Fiasco states that it delivered paper copies of the Declaration to the court for "in camera review" pursuant to LR 10-5(a). However, LR 10-5 does not address in camera submissions.[2] *See* LR IA 10-4. Additionally, filing documents under seal and submitting documents in camera are not the same thing.

---

[1] The docket shows that Fiasco filed its summary judgment motion twice, once under seal (ECF No. 14) and once on the public docket (ECF No. 15). However, the documents are identical and neither contain confidential information since Fiasco submitted the Declaration in camera, albeit improperly. Both filings contain a one-page exhibit cover sheet stating that the Declaration was filed under seal. Thus, the court will instruct the Clerk of the Court to unseal and terminate the duplicative motion.

[2] The court notes that the Local Rules of Practice implemented significant changes on May 1, 2016, including a reorganization of the rules. Sealed documents are now addressed at LR IA 10-5.

1

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Local Rules of Practice state that the court's electronic files constitute its official record. *See* LR IA 1-1(e). With the limited exception of the documents defined in LR IC 1-1(c)(12), counsel must electronically file *all submissions* to the court through the CM/ECF system. This includes all exhibits, *see* LR IA 10-3, LR IC 2-2, and sealed documents, *see* LR IA 10-5, LR IC 4-1. A document filed in camera, as opposed to one filed under seal, is viewed only by the court but may not be viewed by other parties or the public, and the document is not made part of the record. *See* LR IA 10-4. In camera review is disfavored and its application is generally confined to situations where the court resolves a dispute regarding an asserted privilege. *See, e.g.*, *Nishika, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998). Documents filed under seal, on the other hand, can be viewed by the court and other parties but not by the public, and the document is part of the record. *See* LR IA 10-5. When documents contain personal-data identifiers, including social security and financial account numbers, the parties must redact such information from all documents and exhibits submitted to the court. *See* Fed. R. Civ. P. 5.2; LR IC 6-1(a); *see also In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (redacting confidential portions of documents narrowly tailors sealing orders to information with is actually sensitive and leaves meaningful information available to the public). A party making a redacted filing may also file an unredacted copy under seal to be retained by the court as part of the record. LR IC 6-1(b).

Here, the Motion provides no basis for submitting the Declaration for in camera review or excluding the Declaration from the record, but the court will also consider sealing. A motion to seal documents filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana.* 447 F.3d at 1178. Although the Motion did not make a particularized showing of compelling reasons to file the Declaration and associated exhibits under seal and without a redacted version available on the public docket, LR IC 6-1 does permit Fiasco is to file the Declaration under seal so long as it also files a redacted copy.

Accordingly,

**IT IS ORDERED:**

1. Defendant / Counter Claimant Fiasco Enterprises, Inc.'s Motion to File Under Seal (ECF No. 13) is GRANTED IN PART AND DENIED IN PART.

2. Pursuant to LR IC 6-1, by **September 30, 2016**, Fiasco shall electronically FILE through the CM/ECF filing system:

    a. A redacted version of the Declaration as a "Redacted Exhibit"; and

    b. An unredacted version of the Declaration as a "Sealed Exhibit."

3. Pursuant to LR IC 2-2, Fiasco shall also LINK the new filings to its Motion for Summary Judgment (ECF No. 15).

4. The Clerk of the Court is instructed to unseal and terminate Fiasco's duplicative, Sealed Motion for Summary Judgment (ECF No. 14).

Dated this 26th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE